**Violet ARNOLD, Appellant,**

v.

**ANHEUSER–BUSCH, INC., Respondent,**

and

**Treasurer of the State of Missouri, Custodian of The Second Injury Fund, Respondent.**

**No. 73117**

Missouri Court of Appeals, Eastern District, Division One.

March 31, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1998.

Application for Transfer Denied Aug. 25, 1998.

Harry James Nichols, St. Louis, for appellant.

R. Kent Schultz, St. Louis, for Anheuser–Busch, Inc.

Karen M. Speiser, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Violet Arnold ("employee"), appeals three separate Final Awards of the Labor and Industrial Relations Commission entered in favor of respondent, Anheuser–Busch, Inc. ("employer"), and respondent, the Treasurer of the State of Missouri as Custodian of the Second Injury Fund ("SIF"), denying her three claims for compensation. We affirm in part and reverse and remand in part.

Employee began work for employer in 1975. Employee first worked in the loading department where she unloaded empty beer cases from trucks, using a forklift. Beginning in 1987 or 1988, employee began loading draft and case beer on trucks and rail cars, also using a fork-lift. From 1988 through 1990, employee worked in the truck loading office. Beginning January 1990 and continuing through November 1991, employee worked on the warehouse floor, moving beer from one shelf to another, using a fork lift. Employee's last day of work was November 17, 1991.

Employee filed three worker's compensation claims. Her first claim, # 90–073618, was for a June 4, 1990 injury to her left thumb. Employee's second claim, # 91–

193839, was for bilateral carpal tunnel syndrome and psychiatric injury she alleged occurred through November 17, 1991. Employee's third claim, # 91–193840, was for "back and body and psychiatric injury" she alleged occurred through November 17, 1991.

All three claims were heard together on February 7 and 22, 1996, and April 26, 1996. The Administrative Law Judge ("ALJ") issued separate findings of fact and rulings of law for each of the three claims. With regard to claim # 90–073618, the ALJ found employee suffered an injury to her left thumb as a result of a work-related accident on June 4, 1990, found her to have a 20% permanent partial disability (PPD) of her left hand as well as a 6.25% additional PPD against the Second Injury Fund and awarded her $10,778.70. The ALJ denied claims # 91–193839 and # 91–193840.

Employee appealed the decision of the ALJ to the Labor and Industrial Relations Commission ("Commission"). The Commission affirmed the ALJ's findings and conclusions on all three claims. However, the Commission's Final Award with regard to claim # 90–073618 was styled "Final Award *Denying* Compensation."[1] (emphasis ours).

Employee appeals the decision of the Commission raising three points. Employee's first point claims the Commission erred in denying her compensation on claim # 90–073618, pointing out the ALJ found in favor of her claim and awarded her $10,778.70. Employee's second point alleges the Commission erred in finding the medical reports of Dr. Rainely were not admissible at her hearing. Employee's third point alleges the Commission erred in denying her benefits on claims # 91–193839 and # 91–193840.

With respect to the first point, on claim # 90–073618, the ALJ found employee's June 4, 1990 injury was work related and awarded her $10,778.70. The Commission found the ALJ's decision was supported by substantial and competent evidence but entered a Final Award *denying* compensation. The Commission's findings and award are inconsistent. Accordingly, we remand claim # 90–073618

to the Commission for clarification of its Final Award.

With respect to the other two points on appeal, we have reviewed the briefs of the parties, the legal file, and the transcript and find the awards are supported by substantial and competent evidence and are not against the weight of the evidence based on the record as a whole. Therefore, we affirm the awards pursuant to Rule 84.16(b).

GRIMM, P.J., and PUDLOWSKI, J., concur.

---

1. It appears instead the order should read "Final Award *Awarding* Compensation" as the Commission found the findings of the ALJ on claim # 90–073618 to be supported by competent and substantial evidence. Additionally, respondents do not dispute this is a typographical error.